

# NUMBER 13-24-00659-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE INTEREST OF M.L.A.R., J.M.R. JR., CHILDREN

---

## ON APPEAL FROM THE 430TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Peña**

Appellants S.K.P. (Mother) and J.M.R. (Father) appeal a trial court's judgment involuntarily terminating the parental rights with respect to their minor children, M.L.A.R. and J.M.R. JR.[1] *See* Tex. Fam. Code Ann. § 161.001. We affirm.

### I. *Anders* Brief

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, parents and children are referred to by their initials. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

Court-appointed counsel for S.K.P. and J.M.R. have filed briefs stating that they have diligently reviewed the entire record but have concluded that there are no "arguable grounds" to advance an appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Porter v. Tex. Dep't of Protective & Regul. Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). Each counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.").

Each counsel has informed this Court in writing that he or she: (1) notified their client that they have filed an *Anders* brief, with S.K.P's counsel filing a motion to withdraw; (2) provided their client with a copy of the *Anders* brief; (3) informed their client of their right to file a pro se response,[2] to review the record prior to filing that response, and to seek review if we conclude that the appeal is frivolous; and (4) provided each client with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744. An

---

[2] In the criminal context, the Texas Court of Criminal Appeals has held that pro se responses are not required to comport with all rules of appellate procedure "because its purpose is not to permit the court of appeals to decide the case on the merits; it is intended only to alert the appellate court to any matters that the defendant believes might be arguable in a brief on the merits." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding).

adequate amount of time has passed, and neither S.K.P. nor J.M.R. have filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M.*, No. 13-08-00569-CV, 2009 WL 2547493, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the entire record and each counsel's brief, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Further, we have specifically reviewed the trial court's findings under parts (D) and (E) of family code § 161.001(b)(1), and we have found no non-frivolous issues that could be raised on appeal with respect to those findings. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam) (holding that "due process and due course of law requirements mandate that an appellate court detail its analysis for an appeal of termination of parental rights under [§] 161.001(b)(1)(D) or (E) of the Family Code").

## III. MOTION TO WITHDRAW

S.K.P.'s counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 & n.17 ("[T]he defense attorney is required to *file* a motion to withdraw at the same time that he files an *Anders* brief."). However, when an

*Anders* brief is filed in a parental termination appeal, the appellant's right to appointed counsel extends to "all proceedings in [the Supreme Court of Texas], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (citing TEX. FAM. CODE ANN. § 107.013(a)(1)). Thus, in the absence of additional grounds for withdrawal, a motion to withdraw brought in the court of appeals may be premature. *Id.* Counsel is permitted to withdraw only for good cause, and counsel's belief that the client has no grounds to seek further review from the court of appeals' decision does not constitute good cause. *Id.*

Further, here, S.K.P.'s counsel's motion does not show "good cause" for withdrawal other than his inability to identify any non-frivolous grounds for appeal. Accordingly, S.K.P.'s counsel's motion to withdraw is denied.[3] *See id.*

## IV. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
18th day of June, 2025.

---

[3] The Texas Supreme Court has noted that, in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam).